**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JUDY BROCKERT,

        Plaintiff,

vs.                                               Case No. 06-CV-2273-JWL-DJW

B. E. SMITH, INC.,

        Defendant.

**STIPULATED PROTECTIVE ORDER**

Plaintiff Judy Brockert ("plaintiff") and defendant B.E. Smith, Inc. ("defendant"), by their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises, it is hereby **ORDERED**:

1.    **Purpose of Order.**  The purpose of this Order is to facilitate the exchange of information between the parties and to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation or a parallel case currently pending in this same Court before District Court Judge Carols Murguia, which is styled *Jami DeGrave v. B.E. Smith*, Case No. 06-CV-2271 CM/GLR (hereinafter "DeGrave Case"), in which the same attorneys represent the parties in the DeGrave Case as in the present action.   The Order is necessary to protect both the parties and other persons from annoyance and embarrassment.

Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.  In addition, the discovery in this case could include the identity of clients and potential clients of defendant, and

business practices and procedures of defendant, the public disclosure of which could negatively impact defendant's business, as plaintiff's current employer and defendant are competitors.

2. **Confidential Information.**  The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and the *DeGrave* Case and will be treated as confidential.  The parties have further agreed that Confidential Information shall include the following:

(a) Non-public confidential financial and/or net worth information of defendant, which consists of non-public and confidential;

   (1) tax returns;

   (2) annual reports;

   (3) profit and loss statements; and

   (4) balance sheets.

(b) Non-public and confidential trade secrets and proprietary information of defendant, which includes non-public confidential client information;

(c) Non-public confidential personnel and/or human resource files of any of defendant's current or former employees; and

(d) Medical, financial and/or tax records relating to plaintiff.

3. **Designating documents and interrogatory answers as confidential**.   Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential."  Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order.  The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or

deposition testimony relating to the subjects enumerated in paragraph 2 may be designated as Confidential Information.  Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 2 above as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 2.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

4. **Disclosure of Confidential Information.**  Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case or the *DeGrave* Case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

(a) The parties in the present matter and the parties in the *DeGrave* Case;

(b) Their counsel, counsel's legal and clerical assistants and staff;

(c) Persons with prior knowledge of the documents or the Confidential Information contained therein;

(d) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

(e) Any independent document reproduction services or document or video recording and retrieval services; and

(f) Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order.

5. **Attorneys' Eyes Only Information**. The Parties may designate Confidential Information furnished in this action as Information for "Attorneys' Eyes Only" if the Information is proprietary and the party or the party's counsel reasonably believes the Information could be used

by another party to damage the party producing the Information currently or in the future. Attorneys' Eyes Only Information shall not be disclosed to any person other than:

    (a)    Counsel for the Parties, including counsel's legal and clerical assistants and staff;

    (b)    Any expert witness or outside consultant retained or consulted by either party;

    (c)    Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or agreement of the Parties.

Any information produced and designated "attorneys' eyes only" shall be initially disclosed only to counsel at the offices of opposing counsel. Should the receiving party thereafter object to the designation of "attorneys' eyes only," the receiving party shall send a written notice indicating the specific information the receiving party objects to being protected as "attorneys' eyes only" and identifying the individuals to whom the receiving party desires to disclose the information. The producing party shall, within 15 days of such notification, either (1) after first attempting to resolve the matter on an informal basis, file a motion with the Court indicating its objection; or (2) acquiesce in the receiving party's decision to further disclose the information subject to the terms of this Order as related to Confidential Information. If a motion is timely filed by the producing party indicating its objection, the receiving party shall limit disclosure of the information in accordance with the "attorneys' eyes only" designation described above until such time as the Court rules on the motion.

    6.    **Disputes Concerning Designation(s) of Confidential Information.**  In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis.  If the dispute cannot be resolved informally, the party posing the confidentiality of the information may apply for appropriate relief from this Court.

    7.    **Binding Effect of This Order.**  This Order is binding upon the parties, agents and employees of the parties, counsel for the parties, and agents and employees of counsel for the parties.

    8.    **Use of Confidential Information.**  The parties and their counsel shall exercise

reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case or in the *DeGrave* Case. If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case or in the *DeGrave* Case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in depositions and the trial of this case or in the DeGrave Case. The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

9. **Return of Confidential Information.** At the conclusion of this litigation, including all appeals, the parties' respective counsel shall, within thirty days, and upon written request by the other party, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within thirty days of the conclusion of this litigation, their right to do so is waived, and other counsel will destroy such records, and all duplicates thereof, produced by another party. The parties, however, may retain any documents for purposes of preserving a file in this matter or those admitted as exhibits in this case.

**IT IS SO ORDERED**.

s/ David J. Waxse
United States Magistrate Judge

Dated:   11/27/2006

**APPROVED AS TO FORM AND CONTENT**

**SPENCER FANE BRITT & BROWNE LLP**

s/S. Jane Bruer
J. Nick Badgerow                    #9138
Jeannie M. DeVeney                  #17445
9401 Indian Creek Parkway, Suite 700
Overland Park, KS  66210
TEL:  (913) 345-8100
FAX:  (913) 345-0736
nbadgerow@spencerfane.com
jdeveney@spencerfane.com

S. Jane Bruer                       #20553
1000 Walnut, Suite 1400
Kansas City, MO  64106
TEL:  (816) 292-8122
FAX:  (816) 474-3216
jbruer@spencerfane.com

ATTORNEYS FOR DEFENDANT

**SIRO & MOYER**

s/Heidi J. Moyer
Heidi J. Moyer, Esq.                #15883
Rik N. Siro, Esq.                   #77812
Athena M. Brackmann, Esq.
SIRO & MOYER, P.C.
1621 Baltimore Avenue
Kansas City, Missouri 64108

ATTORNEYS FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JUDY BROCKERT, | ) | Case No. 06-CV-2273-JWL-DJW |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| B. E. SMITH, INC., | ) ) | |
| Defendant. | ) ) | |

**DECLARATION AND EXHIBIT "A" TO PROTECTIVE ORDER**

I, _____, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

My signature below indicates that I have read the Protective Order which is dated _____ and marked with the caption of this case, and I understand and agree to its terms.

_____
Signature

_____
_____
Address

_____
Phone